**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC, an Ohio limited liability company,<br><br>                    Plaintiff,<br><br>v.<br><br>DJO, LLC, a Delaware limited liability company,<br><br>                    Defendant. | Case No.: 3:25-cv-02198-AGS-VET<br><br>**ORDER (1) GRANTING JOINT MOTION TO AMEND CASE MANAGEMENT ORDER AND (2) ISSUING AMENDED SCHEDULING ORDER**<br><br>[ECF No. 28] |

Before the Court is the parties' Joint Motion to Amend Case Management Order. ECF No. 28 ("Joint Motion"). Therein, the parties move to continue certain case deadlines, from the exchange of Preliminary Claim Constructions to expert disclosures, by approximately five weeks. ECF Nos. 28, 36. In support, the parties represent that the requested extensions will resolve a timeliness dispute that arose when Defendant's Preliminary Invalidity Contentions were served 14 days after the deadline. ECF Nos. 26, 28, 28-1 at 2–3 (¶4), 36. This is the parties' first request to continue pretrial deadlines.

Based on a review of the Joint Motion, the record, and the parties' representations at the May 26 and June 9, 2026 hearings (ECF Nos. 26, 36), and good cause appearing, the Court **GRANTS** the Joint Motion and **ISSUES** the following Amended Scheduling Order:

1

## I.    AMENDED SCHEDULING ORDER

1.    Case deadlines from the exchange of Preliminary Claim Constructions to contradictory or rebuttal expert disclosures set forth in the Court's Scheduling Order, dated February 12, 2026, are hereby **VACATED**. *See* EFC No. 16.

2.    On or before **June 18, 2026**, the parties shall exchange Preliminary Claim Constructions pursuant to Patent L.R. 4.1(a) and identify extrinsic evidence as required by Patent L.R. 4.1(b).

3.    On or before **June 29, 2026**, the parties shall exchange Responsive Claim Constructions pursuant to Patent L.R. 4.1(c) and identify extrinsic evidence as required by Patent L.R. 4.1(d).

4.    On or before **July 13, 2026**, parties shall complete and file a Joint Claim Construction Chart, Joint Claim Construction Worksheet, and Joint Hearing Statement pursuant to Patent L.R. 4.2.

5.    The deadline for filing, as of right, "Amended Infringement Contentions" by a party claiming infringement is **July 13, 2026**. *See* Patent L.R. 3.6(a).

6.    All discovery intended for use in the Claim Construction Hearing must be completed by **August 10, 2026**. *See* Patent L.R. 4.3.

7.    The deadline for filing, as of right, "Amended Invalidity Contentions" by the party opposing infringement is **August 10, 2026**. *See* Patent L.R. 3.6(b)

8.    On or before **August 24, 2026**, the parties must file simultaneously their Opening Claim Construction Briefs.  *See* Patent L.R. 4.4(a).

9.    On or before **September 8, 2026**, the parties must file simultaneously their Responsive Claim Construction Briefs.  *See* Patent L.R. 4.4(b).

10.    The Claim Construction and tutorial hearing will be held **October 2, 2026**, at **10:30 a.m.** before the **Honorable Andrew G. Schopler**. *See* Patent L.R. 4.5.

11.    **Not later than thirty (30) days** after the filing of the Claim Construction Order, any party relying upon advice of counsel as part of a patent-related claim or defense for any reason must make the disclosures required by Patent L.R. 3.7. A party who does

3:25-cv-02198-AGS-VET

not comply with the requirements of Patent L.R. 3.7 will not be permitted to rely on advice of counsel for any purpose, absent a stipulation of all parties or by order of the Court, which will be entered only upon showing of good cause.

12.    A party asserting infringement must serve final amended infringement contentions, within the meaning of Patent L.R. 3.6(a)(1), **not later than thirty (30) days** after service of the Court's Claim Construction Ruling. Patent L.R. 3.6(a) does not relieve any party from its obligations under Fed. R. Civ. P. 26 to timely supplement disclosures and discovery responses.

13.    A party opposing a claim of infringement must serve final amended invalidity contentions, within the meaning of Patent L.R. 3.6(b)(2), **not later than fifty (50) days** after service of the Court's Claim Construction ruling. Patent L.R. 3.6(b) does not relieve any party from its obligations under Fed. R. Civ. P. 26 to timely supplement disclosures and discovery responses.

14.    A Mandatory Settlement Conference ("MSC") shall be conducted by Zoom video conferencing on **November 4, 2026** at **9:30 a.m.** before Magistrate Judge Valerie E. Torres.[1]

a.    The following are **mandatory** procedures to be followed in preparation for the MSC. Absent express permission from this Court, counsel must timely comply with the dates and deadlines herein. Questions regarding the MSC or the mandatory guidelines set forth herein may be directed to Judge Torres' Chambers at (619) 557-6384.

b.    **Full Settlement Authority Required.** Pursuant to Patent L.R. 2.1(c)(2), all parties, party representatives, including claims adjusters for insured parties, and the

---

[1] Counsel may request the MSC be converted to an in-person appearance through a joint call or email to Judge Torres' Chambers (efile_torres@casd.uscourts.gov). Counsel must meet and confer prior to making such a request.

principal attorney(s) responsible for the litigation must participate in the MSC.[2] This appearance must be made with full and complete authority to negotiate and enter into a binding settlement.[3] Counsel for a government entity is excused from this requirement if the government attorney who participates in the MSC (i) has primary responsibility for handling the case, and (ii) may negotiate settlement offers that the attorney is willing to recommend to the government official having ultimate settlement authority.

c.    **Confidential Settlement Brief.** No later than **seven (7) calendar days** before the MSC, each party must lodge a Confidential Settlement Brief by email to efile_torres@casd.uscourts.gov. The Confidential Settlement Brief should not exceed ten (10) pages, excluding exhibits, and must be formatted according to the requirements of Civil L. R. 5.1(a). Parties attaching exhibits must attach only the relevant pages of multi-page exhibits and must highlight the relevant portions.

d.    **Contents of Settlement Brief.** All Confidential Settlement Briefs shall include the content specified in the Court's Chambers Rules, available at https://www.casd.uscourts.gov/Judges/torres/docs/Civil%20Chambers%20Rules.pdf.

e.    **Procedure for Zoom Videoconference.** Two (2) business days prior to the MSC, the Court will email counsel of record an invitation with the Zoom meeting information. Participants can join the Zoom video conference by following the ZoomGov

---

[2]  The attendance requirement includes parties that are indemnified by others. Any deviation from this Order requires prior Court approval.

[3]  Full authority to settle means that the individuals at the MSC are authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. *Heileman Brewing Co., Inc. v. Joseph Oat Corp.*, 871 F.2d 648, 653 (7th Cir. 1989). Party participants need to have "unfettered discretion and authority" to change the settlement position of a party. *Pitman v. Brinker Int'l, Inc.*, 216 F.R.D. 481, 485-486 (D. Ariz. 2003). One of the purposes of requiring a person with complete settlement authority to attend the conference is that the person's view of the case may be altered during the face-to-face conference. *Id.* at 486. Limited or sum certain authority is not adequate. *Nick v. Morgan's Foods, Inc.*, 270 F.3d 590, 595-597 (8th Cir. 2001).

3:25-cv-02198-AGS-VET

Meeting hyperlink or using the meeting ID and password provided. Each participant should plan to join the Zoom video conference *at least five (5) minutes before* the start of the MSC. Counsel is responsible for ensuring their clients can participate in the MSC. All participants must display the same level of professionalism and attention during the MSC as if they were attending in person (*e.g.*, professional attire, not be driving while speaking to the Court, or otherwise distracted).

15.    The initial date for the substantial completion of document discovery, including electronically stored information ("ESI"), is **November 30, 2026**. *See* Patent L.R. 2.1(a)(1).

16.    All fact discovery shall be completed by all parties on or before **December 18, 2026**.

17.    All expert disclosures required by Fed. R. Civ. P. 26(a)(2)(A) shall be served on all parties on or before **November 30, 2026**. Any contradictory or rebuttal disclosures within the meaning of Rule 26(a)(2)(D)(ii) shall be disclosed on or before **December 14, 2026**. If a written report is not required, the disclosures must provide the information required under Rule 26(a)(2)(C). Any expert report as required by Rule 26(a)(2)(B) shall be served on all parties on or before **January 15, 2027**. Any rebuttal expert report shall be served on all parties on or before **February 12, 2027**.

18.    All discovery, including expert discovery, shall be completed by all parties on or before **March 12, 2027**. "Completed" means that interrogatories, requests for production, and other discovery requests must be served at least thirty (30) days prior to the established cutoff date so that response thereto will be due on or before the cutoff date. All subpoenas issued for discovery must be returnable on or before the discovery cutoff date. All disputes concerning discovery shall be brought the attention of the Magistrate Judge no later than forty-five (45) days following the date upon which the event giving rise to the dispute occurred. Counsel are required to meet and confer regarding all discovery disputes pursuant to the requirements of Civil L. R. 26.1(a). Counsel are to comply with the chambers rules of the Magistrate Judge in bringing discovery before the Court.

3:25-cv-02198-AGS-VET

19. All other dispositive motions, including those addressing Daubert issues, shall be **FILED** on or before **March 26, 2027**. Please be advised that counsel for the moving party must obtain a motion hearing date from the law clerk of the judge who will hear the motion. Failure of counsel to timely request a motion date may result in the motion not being heard. Motions in Limine are to be filed as directed in the Local Rules, or as otherwise set by the **Honorable Andrew G. Schopler**.

20. Briefs or memoranda in support of or in opposition to any pending motion shall not exceed twenty-five (25) pages in length without permission of the judge or magistrate judge who will hear the motion. No reply memorandum shall exceed ten (10) pages without leave of the judge or magistrate judge who will hear the motion.

21. In order to identify the claims to be tried and eliminate delay and surprise at trial, the Court enters the following pretrial order pursuant to Fed. R. Civ. P. 16.

22. Parties are excused from the requirement of Civil L.R. 16.1(f)(2)(a); no Memoranda of Law or Contentions of Fact are to be filed.

23. All parties or their counsel shall fully comply with the Pretrial Disclosure requirements of Fed. R. Civ. P. 26(a)(3) on or before **April 30, 2027**. **Failure to comply with these disclosure requirements could result in evidence preclusion or other sanctions under Fed. R. Civ. P. 37.**

24. Pursuant to Civil L.R. 16.1(f)(4), on or before **May 7, 2027**, the parties shall meet and confer to comply with the provisions of that section and prepare a proposed pretrial order in accordance with Civil L.R. 16.1(f)(6)(c) that contains the following:

a. A joint neutral statement to be read to the jury, not in excess of one page, of the nature of the case and the claims and defenses.

b. A list of the causes of action to be tried, referenced to the Complaint. For each cause of action, the order shall succinctly list the elements of the claim, damages, and any defenses. A cause of action in the Complaint which is not listed shall be dismissed with prejudice.

c. A list, in alphabetical order, of:

3:25-cv-02198-AGS-VET

i.      Each witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

ii.      Each expert witness counsel actually expect to call at trial with a brief statement, not exceeding four sentences, of the substance of the expert witnesses' testimony.

iii.      Additional witnesses, including experts, counsel do not expect to call at this time but reserve the right to call at trial along with a brief statement, not exceeding four sentences, of the substance of the witnesses' testimony.

d.      A list of:

i.      All exhibits that counsel actually expect to offer at trial with a one-sentence description of the exhibit. All exhibits are to be identified numerically, Plaintiff starting with "1" and Defendant beginning with an agreed upon numerical designation.

ii.      All other exhibits that counsel do not expect to offer at this time but reserve the right to offer if necessary at trial with a one-sentence description of the exhibit.

e.      A statement of all facts to which the parties stipulate. This statement shall be on a separate page and will be read to and provided to the jury.

f.      A list of all deposition transcripts by page and line, or videotape depositions by section, that will be offered at trial.

g.      Counsel will note any objections they have to any other parties' Fed. R. Civ. P. 26 (a)(3) Pretrial Disclosures.

The Court encourages the parties to consult with the assigned Magistrate Judge to work out any problems in preparation of the proposed pretrial order. The **Honorable Andrew G. Schopler** will entertain any questions concerning the conduct of the trial at the pretrial conference.

3:25-cv-02198-AGS-VET

27.     Counsel for Plaintiff will be responsible for preparing the pretrial order and arranging the meetings of counsel pursuant to Civil L.R. 16.1(f)(6)(a). On or before **May 14, 2027**, Plaintiff's counsel must provide opposing counsel with the proposed pretrial order for review and approval. Opposing counsel must communicate promptly with Plaintiff's attorney concerning any objections to form or content of the pretrial order, and both parties should attempt promptly to resolve their differences, if any, concerning the order.

28.     The proposed final pretrial conference order, including objections counsel have to any other party's Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures shall be prepared, served, and lodged with the chambers of the **Honorable Andrew G. Schopler** on or before **May 21, 2027**, and shall be in the form prescribed in and in compliance with Civil L.R. 16.1(f)(6)(c). Counsel shall also bring a court copy of the pretrial order to the pretrial conference.

29.     The final pretrial conference shall be held before the **Honorable Andrew G. Schopler**, United States District Court Judge, on **May 28, 2027** at **10:30 a.m.** during which time the Court will address the submission of motions in limine, trial briefs, proposed voir dire and jury instructions, and the trial schedule.

30.     The dates and times set forth herein will not be modified except for good cause shown.

31.     Plaintiff's counsel shall serve a copy of this order on all parties that enter this case hereafter.

**IT IS SO ORDERED.**

Dated: June 9, 2026

_____
Honorable Valerie E. Torres
United States Magistrate Judge

8