# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

SOFTWAVE TISSUE REGENERATION TECHNOLOGIES, LLC, an Ohio limited liability company,

Plaintiff,

v.

DJO, LLC, a Delaware limited liability company,

Defendant.

Case No.: 3:25-cv-02198-AGS-VET

**ORDER FOLLOWING DISCOVERY CONFERENCE ON SEPTEMBER 2, 2026**

On September 2, 2026, counsel for the parties met and conferred in person, as ordered by the Court, to resolve certain discovery disputes. *See* ECF Nos. 60, 67. Subsequently, the Court held a Discovery Conference to address any remaining discovery disputes related to Defendant's responses to (1) Plaintiff's Interrogatories ("Rog"), Set One, (2) Plaintiff's Requests for Production of Documents, Set One, and (3) Plaintiff's Requests for Admission ("RFA"), Set One.

Based on a review of the relevant written discovery requests and responses, and the parties' oral argument, and for the reasons articulated on the record, the Court **ORDERS** the following:

## I. REQUESTS FOR ADMISSION

1. As to RFA No. 8, Plaintiff **SHALL** modify the RFA to (i) clarify the meaning of "market" and "teach" by referring directly to Defendant's user manuals and (ii) narrow the definition of Accused Devices to include *only* the Intelect® Focus Shockwave Device ("IFS Device").

2. As to RFA No. 9, Plaintiff **SHALL** modify the RFA so it requests only whether the IFS Device emits a "shockwave."

3. As to RFA No. 14, Plaintiff **SHALL** modify the RFA so it requests whether the IFS Device has been "formally authorized" by the U.S. Food and Drug Administration for use in treating impotence.

4. As to RFA No. 25, Plaintiff withdraws this RFA.

## II. INTERROGATORIES

1. As to Rog No. 7, Defendant **SHALL** identify the "various employees" referenced in its initial answer to the interrogatory.

## III. DISCOVERY RESPONSES

1. Each party **SHALL** conduct a reasonable search to obtain responsive information or documents related to its discovery responses.

2. If a responding party does not have responsive information or documents, the party **SHALL** serve an amended response stating that following a reasonable search, the party has no materials in its possession, custody, or control that are responsive to the request, accompanied by a declaration verifying the accuracy of that response. *See Muhammad v. Jenkins*, No. CV 19-7970 JAK (PVC), 2021 U.S. Dist. LEXIS 243683, at *9 (C.D. Cal. Sept. 8, 2021) (collecting cases requiring verification when a written response confirms that all responsive documents have been produced or that no responsive information exists in the responding party's possession, custody, or control). A party's representation that discovery is ongoing or it is continuing to investigate is insufficient.

## IV. DEADLINES

1. By no later than **September 4, 2026**, Plaintiff **SHALL** modify and reserve its discovery requests, as discussed at the Discovery Conference and agreed to by the parties.

2. By no later than **September 14, 2026**, Defendant **SHALL** supplement its answers to Plaintiff's discovery requests, as discussed at the Discovery Conference and agreed to by the parties. If Defendant withholds any information or documents based on privilege or other grounds, Defendant **SHALL**, in compliance with Fed. R. Civ. P. 26(b)(5)(A) and 34(b)(2)(C), expressly state the objection, state whether any information is being withheld, and produce a privilege log. The privilege log **SHALL** comply with the undersigned's Chambers Rules.

3. By no later than **noon on September 16, 2026**, the parties **SHALL** (i) file a joint status report, not to exceed 5 pages, identifying all outstanding discovery disputes and their respective positions as to each remaining dispute and (ii) lodge with the Court (via email at efile_torres@casd.uscourts.gov) any discovery requests and responses at issue.

4. By no later than **September 17, 2026**, the parties **SHALL** meet and confer to discuss any parameters for discovery of electronically stored information, including custodians and search terms.

5. A Status Conference **SHALL** be conducted by Zoom video conferencing on **September 18, 2026** at **10:00 a.m.** before Magistrate Judge Valerie E. Torres. The Court will automatically vacate the Status Conference if the parties notify the Court that they resolved all outstanding discovery disputes.

6. The dates and times set forth herein will not be modified absent extraordinary circumstances.

7. All aspects of the Scheduling Order (ECF No. 68) remain in effect.

**IT IS SO ORDERED.**

Dated: September 4, 2026

Honorable Valerie E. Torres
United States Magistrate Judge